UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
Nicholas MAGALIOS,                              :

       Plaintiff,                                   :         19-cv-6188 (CS)

  - against -                                        :         **ANSWER**

C.O. Matthew PERALTA, et al.,              :
                                                             Jury Trial Demanded
       Defendants.                                :
------------------------------------------------------X

       Defendants Peralta, Bailey, and Blount, by their attorney, LETITIA JAMES, Attorney General of the State of New York, answer the Complaint in this case, (Docket No. 1) as follows:

## THE PARTIES AND JURISDICTION

       1.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, except admit that plaintiff was an inmate incarcerated at Fishkill Correctional Facility ("Fishkill").

       2.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, except admit that plaintiff was an inmate incarcerated at Fishkill, located in Beacon, New York in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").

       3.     Defendants admit the allegations set forth in paragraph 3 of the Complaint.

       4.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except defendant Peralta admits that he was employed as a correction officer at Fishkill Correctional Facility at the time of the events alleged in the Complaint.

5.      Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is necessary, Defendant Peralta denies that there is any basis for this action and deny any wrongdoing by the Defendants.

6.      Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is necessary, Defendant Peralta denies that there is any basis for this action and deny any wrongdoing by the Defendants.

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except Defendant Bailey admits that he was employed as a correction officer at Fishkill Correctional Facility at the time of the events alleged in the Complaint.

8.      Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is necessary, Defendant Bailey denies that there is any basis for this action and deny any wrongdoing by the Defendants.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is necessary, Defendant Bailey denies that there is any basis for this action and deny any wrongdoing by the Defendants.

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except defendant Blount admits that he was employed as a correction officer at Fishkill Correctional Facility at the time of the events alleged in the Complaint.

11.     Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is necessary, Defendant Blount denies that there is any basis for this action and deny any wrongdoing by the Defendants.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is necessary, Defendant Blount denies that there is any basis for this action and deny any wrongdoing by the Defendants.

13. Paragraph 13 of the Complaint contains legal conclusions and a description of the Complaint, to which no response is required.

## VIOLATIONS OF THE PLAINTIFF'S CIVIL RIGHTS

14. As to paragraph 14 of the Complaint, Defendants restate their answers to paragraphs "1 through 13" as if fully stated herein.

15. Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning the plaintiff's physical or mental state.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (42 USC §1983: Eighth Amendment)

21. As to paragraph 21 of the Complaint, defendants restate their answers to paragraphs "1 through 20" as if fully stated herein.

22. Paragraph 22 of the Complaint contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny that there is any basis for this action and deny any wrongdoing by the Defendants.

23. Defendants deny that plaintiff is entitled to any relief and denies any wrongdoing

by Defendants alleged in paragraph 23 of the Complaint.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (42 USC §1983: Fourteenth Amendment)

24. As to paragraph 24 of the Complaint, defendants restate their answers to paragraphs "1 through 23" as if fully stated herein.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny that there is any basis for this action and deny any wrongdoing by the Defendants.

26. Defendants deny that plaintiff is entitled to any relief and denies any wrongdoing by Defendants alleged in paragraph 26 of the Complaint.

## **DEFENSES**

### FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Defendants are entitled to qualified immunity.

### THIRD DEFENSE

3. Plaintiff, upon information and belief, has failed to exhaust available administrative remedies for one or more claims in the case.

### FORTH DEFENSE

4. Defendants at no time acted willfully or in malicious disregard of Plaintiff's constitutional rights. As such, Plaintiff is not entitled to punitive damages or other relief.

### FIFTH DEFENSE

5. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res

judicata or collateral estoppel.

**WHEREFORE**, defendants Peralta, Bailey, and Blount respectfully request that this Court dismiss the Complaint in its entirety, and grant such further relief as the Court deems just and proper.

Dated: New York, New York
October 28, 2019

                                          LETITIA JAMES
                                          Attorney General
                                          State of New York
                                          Attorney for Defendants
                                          By:

                                          /s/ *Jessica Acosta-Pettyjohn*
                                          Jessica Acosta-Pettyjohn
                                          Assistant Attorney General
                                          28 Liberty Street- 18th Floor
                                          New York, NY 10005
                                          (212) 416-6551

cc:    Edward Sivin
        Sivin & Miller, LLP
        Plaintiff's Counsel
        (Via ECF)