UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Nicholas MAGALIOS,  :
                    Plaintiff,  :      19-cv-6188 (CS)
                                  :
   – against –  :
                                  :
C.O. Matthew PERALTA, et al.,  :
                                  :
                    Defendants.  :
--------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF'S EXPERT

                              LETITIA A. JAMES
                              Attorney General
                              State of New York
                              Attorney for Defendants
                              28 Liberty Street
                              New York, New York 10005
                              (212) 416-6551

Jessica Acosta-Pettyjohn
Assistant Attorney General
     Of Counsel

# TABLE OF CONTENTS[1]

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT         PLAINTIFF SHOULD BE PRECLUDED
                 FROM PROFFERING ANY EXPERT
                 TESTIMONY …………………………………………………...….…1

CONCLUSION.................................................................................................................................3

---

[1] Due to the emergency procedures that the undersigned's Office has put into place concerning COVID-19, in which substantially all staff are now working remotely from home, Defendants cannot readily create a Table of Authorities, and have thus omitted it from this brief. Defendants will endeavor to provide a Table of Authorities if the Court so directs.

## **PRELIMINARY STATEMENT**

Defendants, Correction Officer Matthew Peralta, Correction Officer Timothy Bailey, and Correction Officer Edward Blount (collectively "Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motion to preclude Plaintiff's expert. In this action pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants used excessive force against him, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff claimed that as a result of this alleged event, he suffered, among other things, an injury to the right shoulder that required surgical repair.

Defendants respectfully seeks an order precluding Plaintiff from introducing evidence and testimony from Dr. Gerald Varlotta as he was not disclosed pursuant to the Court's June 23, 2020 scheduling Order (ECF Text Entry No. 19)[2]

## **ARGUMENT**

### **PLAINTIFF SHOULD BE PRECLUDED FROM PROFFERING ANY EXPERT TESTIMONY**

By way of a last-minute service of an expert report, Defendants were notified that Plaintiff intends to proffer testimony from an expert witness, Dr. Gerald Varlotta. However, any such expert testimony must be precluded as the disclosure fails to meet the criteria set forth in the scheduling Order. Specifically, the disclosures were untimely and deficient. Accordingly, Defendants move to preclude Dr. Gerald Varlotta, from testifying as an expert at the trial of this matter. Fed. R. Evid. 26(a)(2)(A) and (B) establishes the substantive requirements for the disclosure of information regarding expert witnesses.

---

[2] The original scheduling Order dated 12/14/2019 (Dkt. 13) was extended twice (Dkt. 17 and 19).

Under Rule 26(a)(2)(c), these disclosures must be made "at the times and in the sequence directed by the court." In the revised civil case discovery plan and scheduling order, the Court ordered that:

> At least 30 days before the fact discovery deadline in paragraph 4 above, the parties shall meet and confer on a schedule for expert disclosures, including independent medical examinations (if applicable), expert reports, production of underlying documents, rebuttal expert reports (if applicable), expert interrogatories and expert depositions. Expert reports of the party with the burden of proof shall ordinarily be due before those of the opposing party's experts. A joint proposed expert discovery plan, or a plan setting forth areas of agreement and disagreement, must be submitted for the Court's approval at least 21 days before the fact discovery deadline set forth in paragraph 4 above.

Order Dated December 13, 2019 at ¶ 5, extended by Order dated June 23, 2020  (ECF Nos. 13 & 19).

The date that the Court set forth as the deadline for expert discovery was September 25, 2020.  Despite the Court's clear directions, the Plaintiff did not follow any of the criteria set forth in the Court's order before making his expert disclosure on September 21, 2020, four days before the end of the expert discovery deadline.  The Federal Rules make available a full range of sanctions for violations of both the substance and timing of expert disclosure. See Fed. R. Civ. P. 16(f), 37(c)(1). Under these rules, defects in the substance of expert disclosure or its timing permit a court to consider the full range of sanctions authorized by Rule 37(b)(2)(a)-(c). See Fed. R. Civ. P. 16(f), 37(c)(1). The cumulative effect of these provisions is to "confer[] broad discretion on a court to fashion a remedy appropriate to the violation . . . informed by the facts of each case, including among others any pattern of noncompliance, . . . the relevance and probative value of the . . . evidence, and any prejudice to opposing parties . . . ." Lory v. General Elec. Co., 179 F.R.D.

86, 89 (N.D.N.Y. 1998) [3]. "The 'automatic sanction' for a violation of Rule 26(a) is preclusion." LaMarca v. United States, 31 F. Supp.2d 110, 122-23 (E.D.N.Y. 1998).

Four days before the close of expert discovery, Plaintiff's counsel emailed a document entitled "Expert exchange" with a cover letter dated September 21, 2020 and a report by Dr. Varlotta dated September 18, 2020. This document did not contain the requirements for experts outlined above, as it does not include a list of prior testimony.

At no time during the course of this litigation did defense counsel receive any notice that would have led defense counsel to believe that Plaintiff intended to retain an expert.  At no time prior to sending the "Expert exchange" did Plaintiff seek an extension from this Court.  Clearly, not only have the requirements of Rule 26 have not been met, but Plaintiff failed to comply with this Court's order regarding expert discovery and did not even seek additional time prior to serving the report.

Moreover, as the Court's scheduling order makes clear "Expert reports of the party with the burden of proof shall ordinarily be due before those of the opposing party's experts."  Thus, in reliance on the fact that Plaintiff was not seeking to retain an expert,  defense counsel did not retain an expert and now that the discovery deadline has passed are not in a position to do so.  Accordingly, allowing Plaintiff to rely upon the late disclosed expert would be unfairly prejudicial to Defendants.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motions to preclude expert testimony.

---

[3] Solely the issue of attorney's fee was overturned by Capital Asset Research Corp. v. Finnegan, 216 F.3d 1268, 1269 (11th Cir. 2000).

Dated: New York, New York
       September 24, 2020

                                            LETITIA JAMES
                                            Attorney General
                                            State of New York
                                            <u>Attorney for Defendants</u>
                                            By:
                                            <u>/s/ *Jessica Acosta-Pettyjohn*</u>
                                            Jessica Acosta-Pettyjohn
                                            Assistant Attorney General
                                            28 Liberty Street- 18th Floor
                                            New York, NY 10005
                                            (212) 416-6551