United States District Court
For the Southern District of New York

| | |
|---|---|
| **Nicholas Magalios**, <br><br> Plaintiff, <br><br> v. <br><br> **C.O. Mathew Peralta, C.O. Timothy Bailey, and C.O. Edward Blount**, <br><br> Defendants. | Docket No. 7:19-cv-06188 (CS) <br><br> **Declaration of Edward Sivin in Opposition to Defendants' Motion to Preclude** |

Edward Sivin, an attorney duly admitted to practice law before the Courts of the State of New York and the U.S. District Court for the Southern District of New York, pursuant to 28 USC § 1746, declares under penalty of perjury, as follows:

1. I am a member of Sivin, Miller & Roche LLP, attorneys for plaintiff in the above matter. I submit this Declaration in opposition to defendants' motion for an order pursuant to Federal Rules of Civil Procedure 16(f) and 37(c)(1) to preclude plaintiff's expert from testifying.

2. On or about September 3, 2017 plaintiff Nicholas Magalios (hereinafter "plaintiff"), was assaulted by corrections officers in Fishkill Correctional Facility. In July of 2019, plaintiff brought this action against defendants to recover for,

*inter alia*, violations of his rights under the Eighth Amendment to the United States Constitution.

3. On December 13, 2019, the parties conferred and agreed to a Civil Case Discovery Plan and Scheduling Order (Dkt. No. 13, hereinafter "Initial Scheduling Order"). The Scheduling Order designated June 15, 2020 as both the fact and expert discovery deadline.

4. On December 16, 2019, plaintiff made his initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

5. On January 27, 2020, I sent an email to defendants' counsel reminding her that defendants' responses to plaintiff's interrogatories and document demands were overdue and inquiring into when they would be supplied. Annexed as **Exhibit 1** to this Declaration is that email. Among other discovery documents which plaintiff required in order to properly depose the defendants, but did not receive in a timely fashion, was the file of the Office of Special Investigation, which investigated the "use of force" incident underlying this case.

6. The onset of the COVID-19 global pandemic, beginning in March of 2020, caused me to lose access to my office and to transition to working from home, which presented a challenge to the timely completion of discovery, including, but not

limited to, the need to familiarize myself with technology previously unknown to me.

7. On April 23, 2020, defendants filed a letter with the Court requesting, in light of the onset of the pandemic, an extension of the fact and expert discovery deadline to August 17, 2020 (Dkt. No. 16-1). The Court granted the extension.

8. On June 23, 2020, I filed a letter with the Court requesting, in light of the continuing pandemic and the difficulty of conducting depositions during such time, an extension of the fact and discovery deadline to September 25, 2020 (Dkt. No. 18, 20). The Court granted the request on the condition that no further extensions would be granted.

9. On July 24, 2020, I exchanged emails with defendants' counsel in which we finalized arrangements for the remote, video depositions of all parties. Annexed as **Exhibit 2** to this Declaration is that email exchange. On August 17, 2020 through August 19, 2020, all depositions were completed.

10. Key to plaintiff's case on damages was whether and to what extent his injuries—in particular his shoulder injury—were caused by defendants' use of force, as opposed to prior shoulder issues, seeing as, one month prior to the assault, plaintiff attended a routine physical, "mentioned" a right shoulder

click/injury/soreness, and received an x-ray two days prior to the assault which reportedly showed moderate AC joint disease.

11. As such, I decided to hold off on retaining a doctor as an expert witness until after the completion of defendants' depositions in the hopes that their testimony would reveal information crucial and/or relevant to the question of causation, which subject would be a crucial topic of an expert doctor's report and testimony. Prior to the depositions, on August 13, 2020, I arranged an appointment between plaintiff and his expert doctor for August 20, 2020, immediately after depositions were set to be completed. Plaintiff attended that appointment.

12. On the evening of September 20, 2020, plaintiff's expert sent his report to me via email, and, immediately thereafter, at 10:31 a.m. on September 21, 2020, I emailed the report to defendants' counsel. Prior to doing do, I reviewed only the most up-to-date scheduling order (Dkt. No. 20), and assumed that—because the report was disclosed prior to the expert discovery deadline—the disclosure was timely. Unbeknownst to me at the time, the *Initial* Scheduling Order included a clause that required the parties to, "[a]t least 30 days before the fact discovery deadline…meet and confer on a schedule for expert disclosures, including independent medical examinations (if applicable), expert reports, production of underlying documents, rebuttal expert reports (if applicable, expert

4

interrogatories and expert depositions," and to "submit[ ] for the Court's approval" the agreement "at least 21 days before the fact discovery deadline."

13. Later in the day on September 21, 2020, after sending the export report, I received an email response from defendants' counsel alerting me to the fact that we had *both* neglected to meet, confer, and submit an expert discovery schedule as required by the initial Scheduling Order. Defendants' counsel therefore requested my consent to a four-week extension for discovery and I obliged. Annexed as **Exhibit 3** is a copy of that email.

14. On September 22, 2020, the Court denied defense counsel's letter motion requesting an extension of the discovery deadline (Dkt. No. 21) and suggested instead that any untimeliness with respect to plaintiff's expert exchange could be addressed by defendants via a motion to preclude. The Court further noted that plaintiff would have an opportunity to defend himself "should a motion be made." That same day, I emailed defense counsel offering to produce plaintiff "for an IME at your convenience," and proposing that that I was "sure that [IME] can be arranged before the next conference date, which is November 2 [2020]." Defense counsel declined my request. Annexed as **Exhibit 4** is a copy of that email exchange.

15. Defense counsel, who initially acknowledged a shared neglect to timely meet and confer as per the Initial Scheduling Order, then filed a motion to preclude

plaintiff's expert witness on the premise that plaintiff was in the wrong for neglecting to meet and confer before disclosing an expert report (Dkt. No. 23).

16. I did not time plaintiff's expert exchange to "sandbag" the defendants. Rather, I sought to have plaintiff evaluated by a medical expert after the conclusion of fact discovery, including depositions—events that were delayed in part by the COVID-19 pandemic. And while I acknowledge that my expert exchange was conducted without the parties having first met and conferred on a schedule for expert discovery, as required by the Court's initial scheduling order, this was not intentional. Instead it was based on having overlooked the "meet and confer" provision in the initial scheduling order, an act for which I apologize to this Court.

17. I have also since supplemented the expert report by sending, on September 25, 2020, an email to defense counsel detailing the expert's history of testifying as an expert over the preceding four years. Annexed as **Exhibit 5** is a copy of that email. I am more than amenable to defendants' deposing plaintiff's expert doctor prior to trial, retaining an expert of their own and/or conducting an independent medical examination of plaintiff.

_____
EDWARD SIVIN

# Exhibit 1



# Magalios v. Peralta, Case No. 19-CV-6188
1 message

Fri, Sep 25, 2020 at 9:31 AM

From: **Ed Sivin** <esivin@sivinandmiller.com>
Date: Mon, Jan 27, 2020 at 2:39 PM
Subject: Magalios v. Peralta, Case No. 19-CV-6188
To: <jessica.acosta-pettyjohn@ag.ny.gov>


Hi Jessica:   Please note that defendants' responses to plaintiff's interrogatories and document demands are overdue.  Can I expect to receive them soon?  Please let me know.

Thank you.  Ed Sivin

--
Edward Sivin, Esq
Sivin & Miller, LLP
20 Vesey Street Suite 1400
New York, N.Y.  10007
212-349-0300
212-406-9462 (fax)
http://www.SivinandMiller.com

# Exhibit 2

From: **Ed Sivin** <esivin@sivinandmiller.com>
Date: Fri, Jul 24, 2020 at 2:23 PM
Subject: Re: Magalios- 19-cv-6188-CS
To: Acosta-Pettyjohn, Jessica <Jessica.Acosta-Pettyjohn@ag.ny.gov>
Cc: Trinidad, Ravenal <Ravenal.Trinidad@ag.ny.gov>, Jason Miller <jmiller@sivinandmiller.com>

Not sure at this point. While I don't represent her, my initial impression is that she will voluntarily appear without the need for subpoena. I will look into this and get back to you.

On Fri, Jul 24, 2020 at 2:19 PM Acosta-Pettyjohn, Jessica <Jessica.Acosta-Pettyjohn@ag.ny.gov> wrote:

> I am waiting on their availability.
>
> I know you do not represent Mrs. Magalios, but will she be conducting the deposition in your office or do you know if she has video capability in her home?
>
> Thank you,
>
> Jessica
>
> **From:** Ed Sivin <esivin@sivinandmiller.com>
> **Sent:** Friday, July 24, 2020 2:12 PM
> **To:** Acosta-Pettyjohn, Jessica <Jessica.Acosta-Pettyjohn@ag.ny.gov>
> **Cc:** Trinidad, Ravenal <Ravenal.Trinidad@ag.ny.gov>
> **Subject:** Re: Magalios- 19-cv-6188-CS

Yes

On Fri, Jul 24, 2020 at 11:29 AM Acosta-Pettyjohn, Jessica <Jessica.Acosta-Pettyjohn@ag.ny.gov> wrote:

> Around the same time as plaintiff's?
>
> ---
>
> **From:** Ed Sivin <esivin@sivinandmiller.com>
> **Sent:** Friday, July 24, 2020 11:10 AM
> **To:** Acosta-Pettyjohn, Jessica <Jessica.Acosta-Pettyjohn@ag.ny.gov>
> **Cc:** Trinidad, Ravenal <Ravenal.Trinidad@ag.ny.gov>; Ed Sivin <esivin@sivinandmiller.com>
> **Subject:** Re: Magalios- 19-cv-6188-CS
>
> Can we arrange depositions of the officers for around the same time
>
> Sent from my iPhone
>
>> On Jul 24, 2020, at 10:49 AM, Acosta-Pettyjohn, Jessica <Jessica.Acosta-Pettyjohn@ag.ny.gov> wrote:
>>
>> Ed,
>>
>> Attached is the notice of deposition for Mr. Magalios.  As you know, depositions are currently being held remotely via video. I believe we will both get a link to webex for the deposition.
>>
>> I would also like to depose his wife, Lisa Magalios. I will prepare a non-party deposition subpoena for her soon.
>>
>> Thank you,
>>
>> *Jessica Acosta-Pettyjohn*
>>
>> Assistant Attorney General, Litigation Bureau
>>
>> Office of the New York State Attorney General
>>
>> 28 Liberty Street
>>
>> New York, NY 10005
>>
>> (212) 416-6551
>>
>> jessica.acosta-pettyjohn@ag.ny.gov

# Exhibit 3



## Magalios - Expert
1 message

Fri, Sep 25, 2020 at 9:26 AM

From: **Acosta-Pettyjohn, Jessica** <Jessica.Acosta-Pettyjohn@ag.ny.gov>
Date: Mon, Sep 21, 2020 at 3:52 PM
Subject: Magalios - Expert
To: Ed Sivin <esivin@sivinandmiller.com>
Cc: Trinidad, Ravenal <Ravenal.Trinidad@ag.ny.gov>

Ed,

We never met and conferred about the expert scheduling Plan, nor did we ever submit something to the Court to approve. According to Siebel's Order we were supposed to meet and confer about experts 30 days before the deadline and submit an expert scheduling plan 21 days before the end of expert Discovery. None of this was done. Since I just received your expert report today,  would you consent to a four week extension in which I can provide a rebuttal?

I intend to submit my letter to the court later today and would like to represent that the extension is on consent.

Thank you,

*Jessica Acosta-Pettyjohn*

Assistant Attorney General, Litigation Bureau

Office of the New York State Attorney General

28 Liberty Street

New York, NY 10005

(212) 416-6551

jessica.acosta-pettyjohn@ag.ny.gov

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the

# Exhibit 4

From: **Acosta-Pettyjohn, Jessica** <Jessica.Acosta-Pettyjohn@ag.ny.gov>
Date: Wed, Sep 23, 2020 at 10:27 AM
Subject: RE: Magalios - Expert
To: Ed Sivin <esivin@sivinandmiller.com>
Cc: Schulze, Daniel <Daniel.Schulze@ag.ny.gov>, Durden, Rebecca <Rebecca.Durden@ag.ny.gov>

Ed,

I am not going forward with an IME or expert discovery as it would go against Seibel's Order.

*Jessica Acosta-Pettyjohn*

Assistant Attorney General, Litigation Bureau

Office of the New York State Attorney General

28 Liberty Street

New York, NY 10005

(212) 416-6551

jessica.acosta-pettyjohn@ag.ny.gov

---

**From:** Ed Sivin <esivin@sivinandmiller.com>
**Sent:** Tuesday, September 22, 2020 5:53 PM

**To:** Acosta-Pettyjohn, Jessica <Jessica.Acosta-Pettyjohn@ag.ny.gov>
**Subject:** Re: Magalios - Expert

Jessica, we can produce Mr. Magalios for an IME at your convenience.  I'm sure that can be arranged before the next conference date, which is November 2.  Please let me know. Thanks. Ed.

# Exhibit 5



## Magalios v. Peralta
1 message

**Ed Sivin** <esivin@sivinandmiller.com>  
To: "Acosta-Pettyjohn, Jessica" <jessica.acosta-pettyjohn@ag.ny.gov>  
Cc: Jake Ethé <jethe@sivinandmiller.com>

Fri, Sep 25, 2020 at 10:49 AM

Jessica, see attached letter.  Thank you.


--  
Edward Sivin, Esq  
Sivin, Miller & Roche, LLP  
20 Vesey Street Suite 1400  
New York, N.Y.  10007  
212-349-0300  
212-406-9462 (fax)  
http://www.SivinandMiller.com

advesary.lt2.docx.pdf  
100K

## SIVIN, MILLER & ROCHE, LLP
20 Vesey Street, Suite 1400
New York, NY  10007
Phone:  212 349-0300
Fax:  212 406-9462

Jessica Acosta-Pettyjohn
Assistant Attorney General, Litigation Bureau
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005

Re:  Magalios v. Peralta, et al.
Case No.  19-CV-06188 (CS)

Dear Ms. Acosta-Pettyjohn:

Supplementing my letter of September 21, 2020, please be advised that during the past four years, Dr. Varlotta testified as an expert on February 27, 2019 in the case of *Perez Aughtry vs. The State of New York*, a Claim that was venued in the Court of Claims of the State of New York, under Case No. 123103, before Judge Stephen J. Mignano.  Dr. Varlotta testified on behalf of the claimant in that case.

Thank you for your attention to this matter.

Very truly yours,

Edward Sivin