# United States District Court
## For the Southern District of New York

| | |
|---|---|
| **Nicholas Magalios**, | Docket No. 7:19-cv-06188 (CS) |
| Plaintiff, | |
| v. | |
| **C.O. Mathew Peralta, C.O. Timothy Bailey, and C.O. Edward Blount**, | |
| Defendants. | |

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ............................................................................................................ 3

I.    Plaintiff has a good faith and justifiable explanation for the timing of his expert

disclosure ........................................................................................................ 3

II.   Defendants have suffered little to no prejudice ........................................... 6

III.  The evidence to be precluded is critically important to the plaintiff.................. 10

IV.   Lesser sanctions, such as a continuance, are available and appropriate............ 11

CONCLUSION ...................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Atkins v. Cty. of Orange,*
   372 F. Supp. 2d 377 (S.D.N.Y. 2005) ....................................................................... 2

*Chamberlain v. City of White Plains,*
   960 F.3d 100 (2d Cir. 2020) ........................................................................................ 2

*Charles v. Cty. of Nassau,*
   116 F. Supp. 3d 107 (E.D.N.Y. 2015) ................................................................... 4, 5

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.,*
   602 F.2d 1062 (2d Cir. 1979) ..................................................................................... 3

*Day v. CONRAIL,*
   1996 U.S. Dist. LEXIS 6596 (S.D.N.Y. 1996) ........................................................ 11

*Espiritu v. Hartman,*
   2020 U.S. Dist. LEXIS 3054 (E.D.N.Y. 2020) .......................................................... 9

*Fanning v. Target Corp.,*
   2006 U.S. Dist. LEXIS 4804 (S.D.N.Y. 2006) ..................................................... 6, 8

*Israeli v. Ruiz,*
   2015 U.S. Dist. LEXIS 97650 (S.D.N.Y. 2015) ...................................................... 12

*Mahoney v. Keyspan Corp.,*
   2007 U.S. Dist. LEXIS 41214 (E.D.N.Y. 2007) .................................................. 9, 13

*Morritt v. Stryker Corp.,*
   2011 U.S. Dist. LEXIS 98218 (E.D.N.Y. 2011) ...................................................... 12

*Outley v. New York,*
   837 F.2d 587 (2d Cir. 1988) ........................................................................... 3, 10, 12

*Peterson v. Pan Am Rys.,*
   2015 U.S. Dist. LEXIS 66367 (N.D.N.Y. 2015) ....................................................... 9

*Regalado v. Ecolab Inc.,*
   2016 U.S. Dist. LEXIS 1790 (S.D.N.Y. 2016) .......................................................... 6

*Rubik's Brand Ltd. v. Flambeau, Inc.,*
   329 F.R.D. 55 (S.D.N.Y. 2019) ......................................................................... 13, 14

*S.W. v. City of New York,*
   2011 U.S. Dist. LEXIS 59737 (E.D.N.Y.  2011) ..................................................... 13

*Savage & Assocs., P.C. v. Cty. of Fairfax (In re Teligent, Inc.),*
   2006 Bankr. LEXIS 5162 (S.D.N.Y. 2006) ........................................................... 11

*Shapiro v. Liberty Specialty Mkts.,*
   2018 U.S. Dist. LEXIS 235818 (S.D.N.Y. 2018)........................................... 8, 13

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.,*
   490 F.3d 130 (2d Cir.2007)...................................................................................... 1

*Sherman v. Bear Strearns Co. (In re Bear Stearns Co.),*
   263 F. Supp. 3d 446 (S.D.N.Y. 2017) .................................................................. 12

*Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.,*
   118 F.3d 955 (2d Cir. 1997)..................................................................................... 2

*Spotnana, Inc. v. Am. Talent Agency, Inc.,*
   2010 U.S. Dist. LEXIS 86457 (S.D.N.Y. 2010)................................................. 12

*Thompson v. Jam. Hosp. Med. Ctr.,*
   2015 U.S. Dist. LEXIS 79960 (S.D.N.Y. 2015) .................................................. 1

*Town & Country Linen Corp. v. Ingenious Designs LLC,*
   2020 U.S. Dist. LEXIS 173658 (S.D.N.Y. Sep. 22, 2020) ................................ 7, 12

*Webb v. Buchanan Marine,*
   2000 U.S. Dist. LEXIS 4148 (S.D.N.Y. 2000)..................................................... 5

*Williams v. Rosenblatt Sec., Inc.,*
   236 F. Supp. 3d 802 (S.D.N.Y. 2017) .................................................................. 13

*Young v. Sw. Airlines Co.,*
   2016 U.S. Dist. LEXIS 75950 (E.D.N.Y. 2016) ................................................ 11

**Rules**

Federal Rule of Civil Procedure 16(b)(4) ................................................................. 14

Federal Rule of Civil Procedure 16(f)....................................................................... 1

Federal Rule of Civil Procedure 37(c)(1)............................................................. 1, 2

**Treatises**

Moore's Federal Practice - Civil § 40.02 (Matthew Bender, 3d ed.).................... 13

# United States District Court
# For the Southern District of New York

**Nicholas Magalios**,

Plaintiff,

v.

**C.O. Mathew Peralta, C.O. Timothy Bailey, and C.O. Edward Blount**,

Defendants.

Docket No. 7:19-cv-06188 (CS)

**Memorandum of Law in Opposition to Defendants' Motion to Preclude**

## PRELIMINARY STATEMENT

Plaintiff, Nicholas Magalios, submits this Memorandum of Law in opposition to defendants' motion pursuant to Federal Rules of Civil Procedure 16(f) and 37(c)(1) to preclude plaintiff's expert from testifying at trial.

"Rule 37 requires that any sanction be 'just,' in order to ensure that the 'severity of the sanction [ ] be commensurate with the noncompliance.' " *Thompson v. Jam. Hosp. Med. Ctr.*, 2015 U.S. Dist. LEXIS 79960, at *4 (S.D.N.Y. 2015) (alteration in original) (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir.2007)). Preclusion of expert testimony in particular is "a drastic remedy and should only be applied in those rare cases where the party's conduct represents bad faith and callous

disregard of the Federal Rules of Civil Procedure." *Atkins v. Cty. of Orange*, 372 F. Supp. 2d 377, 396 (S.D.N.Y. 2005) (internal quotation marks and citation omitted).

Preclusion is not warranted where "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "When evaluating whether testimony should be precluded under Rule 37," courts in this Circuit consider four factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Chamberlain v. City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020) (citing *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). These factors are discussed separately below. None of them favors the defendants' motion for preclusion, and the motion should be denied accordingly.

# ARGUMENT

I.   **Plaintiff has a good faith and justifiable explanation for the timing of his expert disclosure**

"Considerations of fair play may dictate that courts eschew the harshest sanctions . . . where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence." *Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988) (citing *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)). As set forth in detail in the accompanying Declaration of Edward Sivin in Opposition to Defendants' Motion to Preclude (hereinafter "Sivin Declaration"), plaintiff's counsel has acted diligently and in good faith throughout this litigation in an effort to complete discovery in a timely manner, and has provided an explanation for the timing of his disclosure: plaintiff and defendants alike overlooked a requirement contained in the Initial Scheduling Order that the parties meet and confer to arrange a schedule for expert discovery, *see Sivin Declaration* at 12, 13, 15.[1] Plaintiff, due to the nature of the case, desired to wait until the conclusion of depositions before

---

[1]   *See Cunningham v. Consol. Edison, Inc.*, 2006 U.S. Dist. LEXIS 22482, at *35-36 (E.D.N.Y. 2006) ("There has been no suggestion that plaintiff's failure to produce the earlier charge was anything but a mistake. As there does not appear to have been any bad faith, this is not one of the rare cases where preclusion is appropriate.").

retaining an expert to perform an evaluation, *see id.* at 10-11; and plaintiff exchanged the expert report as soon as was possible, *see id.* at 12.

Plaintiff should also not be precluded from introducing his expert's testimony because it was the error of plaintiff's counsel, and not plaintiff, which contributed in part to the situation at hand. While a portion of the discovery period predated the COVID-19 global pandemic, as set forth in the Sivin Declaration, the onset of the pandemic and its effect on plaintiff's counsel's practice, *see id.* at 6, ought to be considered in the Court's decision regarding preclusion[2]—and to do so would not pave new ground. For example, in *Charles v. Cty. of Nassau*, 116 F. Supp. 3d 107 (E.D.N.Y. 2015), Judge Brodie of the Eastern District, ruling on the issue of expert preclusion, pointed to the relevance of natural disasters when considering whether to impute plaintiff's counsel's missed discovery deadline onto plaintiff:

[2]     Defendants, in their Memorandum of Law in Support, themselves acknowledge that the onset of the pandemic has affected their ability to comply with all Local Rules. *See Defendants' Memorandum of Law in Support*, at p. ii n 1.

Plaintiff's failure to abide by the discovery deadlines is due primarily to Plaintiff's counsel, who pleads that the delay resulted from the disbanding of her law firm and from closure of her offices caused by Hurricane Sandy, and Plaintiff received no particular benefit or tactical advantage as a result of counsel's shortcomings. *See Pichardo v. C.R. Bard, Inc.*, 563 Fed.Appx. 58, 62 (2d Cir.2014) (finding that barring expert evidence, which resulted in dismissal, was not the appropriate sanction when it was clear that the plaintiff herself was without fault in causing discovery delays, and that plaintiff's attorney's "delays and failures to act within the time set by the court's schedule were not strategically designed to disadvantage the adversary, but were simply the product of sloppiness and neglect"); *Byrne v. C.I.R.*, 509 Fed.Appx. 33, 34 (2d Cir.2013) (finding that the district court should have considered lesser sanctions than dismissal where it was the petitioner's lawyer, not petitioner himself, who "was responsible for failing to advance the case" and that the delay did not benefit the petitioner); *see also World Wide Polymers*, 694 F.3d at 159 ("Finally, '[i]n deciding on the suitability of lesser sanctions, and whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the district court to assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by the [misconduct].' " (alteration in original) (quoting *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir.1996))).

*Id.* at 122.

Moreover, prior to the instant motion, defense counsel was unequivocal in response to plaintiff's expert disclosure that "*we*," i.e., both plaintiff's and defendants' counsel, had neglected to meet, confer, and submit an expert discovery schedule to the Court. The Court may take into account the conduct or lack thereof by *both* parties when determining the remedy for a discovery violation. *See, e.g., Webb v. Buchanan Marine*, 2000 U.S. Dist. LEXIS 4148, at *7-8 (S.D.N.Y. 2000) ("[S]uch an extreme remedy would not be just. It is apparent from the affidavits submitted by counsel that both parties were negligent in failing to respond to discovery requests, but also in failing more

aggressively to seek responses to those requests. At no point prior to March 9, 2000, did either party seek intervention of the Court…While such a custom, if it exists, is not a justification for plaintiff's negligent conduct of discovery, there is no evidence of bad faith on plaintiff's part."); *Regalado v. Ecolab Inc.*, 2016 U.S. Dist. LEXIS 1790, at *9 (S.D.N.Y. 2016) ("Pursuant to the order setting a case management plan for this action, the parties were required to submit *joint status letters* apprising the Court of their progress in discovery. Insofar as Plaintiff's counsel required additional time to complete expert discovery, those status letters presented an opportunity to apprise the Court of counsel's circumstances and request an extension of the expert discovery deadline. No such request was made.") (emphasis added).

The relevant case law, when combined with plaintiff's counsel having dealt in good faith and being able to provide an explanation for the belated disclosure, supports the conclusion that this factor should cut in favor of plaintiff and against preclusion.

II.     **Defendants have suffered little to no prejudice**

"The question" on a motion to preclude with regard to prejudice "is whether defendant has demonstrated any *meaningful* prejudice from this arguable lapse." *Fanning v. Target Corp.*, 2006 U.S. Dist. LEXIS 4804, at *7-8 (S.D.N.Y. 2006) (emphasis added). Courts in this District have countenanced cases with similar and more damaging circumstances than here and determined that preclusion was not warranted.

For example, recently, in *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 U.S. Dist. LEXIS 173658 (S.D.N.Y. Sep. 22, 2020), Judge Liman ruled against preclusion in a nearly identical situation:

> They argue that preclusion is the appropriate remedy because there was no substantial justification for the late disclosure and that the disclosure of the new opinion only in connection with the deposition and on the eve of the expert discovery cutoff does not give them sufficient time to conduct a supplemental examination of Mr. Gerardi or for Plaintiffs' damages expert to prepare a revised report. "Precluding testimony is a drastic and disfavored measure." *Simo Holdings*, 354 F. Supp. 3d at 510. "[T]he prejudice here is slight." *Id*. Although expert discovery now has closed, any prejudice to Plaintiffs can be addressed by (1) granting them a short continuance and permitting them to use that continuance to take Mr. Gerardi's deposition on the new information in the supplemental expert reports, (2) relieving Plaintiffs' expert of the requirement to prepare an expert report responding to Mr. Gerardi's supplemental report and permitting him to respond to the new opinions at trial without the need for such report, and (3) ordering Defendants to pay the reasonable expenses of Mr. Gerardi's continued deposition. See Fed. R. Civ. P. 37(c)(1)(A)….The Court is confident that these measures are sufficient to render defendants' actions substantially harmless." *Simo Holdings*, 354 F. Supp. 3d at 511.

*Id.* at *4, *7.

In *Shapiro v. Liberty Specialty Mkts.*, 2018 U.S. Dist. LEXIS 235818 (S.D.N.Y. 2018),

Judge Caproni did the same:

> Plaintiffs served Dr. Bach-Martinez's report on April 30, 2018, just a few days before the close of discovery…The late notification has put Defendants at a significant and unfair disadvantage and has put the Court in the position of either having to deny the Plaintiffs a witness they believe is important or extend a discovery schedule the Court made clear it would not extend. Defendants have not had the opportunity to depose Dr. Bach-Martinez, nor, given the late notice by Plaintiffs, was there time for Defendants to serve a rebuttal report before the close of discovery. Plaintiffs have not provided a persuasive justification for their belated decision to notice…Nonetheless, the Court finds that it is not appropriate to preclude Dr. Bach-Martinez. Preclusion of an untimely witness is a harsh remedy that should be imposed only in rare situations. In determining whether to preclude an untimely noticed expert, courts generally consider the explanation for the late disclosure, the importance of the proposed testimony, the prejudice to the opposing party, and the possibility of a continuance…Any prejudice to Defendants can be cured by reopening discovery—as Plaintiffs concede is appropriate. This is not a situation in which an expert has been noticed on the eve of trial so that the parties would need to re-do significant amounts of work. Given the limited prejudice, availability of a continuance, and potential importance of the witness, the Court finds preclusion to be unwarranted.

*Id.* at *6-8 (internal quotation marks and citations omitted).

Motions to preclude expert testimony have also been denied for lack of prejudice even where the violation by the non-movant was far more egregious. *See, e.g.*, *Fanning*, 2006 U.S. Dist. LEXIS, at *7-8 ("[Plaintiff] did not timely designate Drs. Greene and Katz as experts…[t]o the extent that [Defendant] suggests that it might wish to hire still another expert, we see no basis for this. As noted, defendant had access to plaintiff's

medical records during fact discovery and presumably took plaintiff's deposition testimony on the nature and extent of her injuries."); *Mahoney v. Keyspan Corp.*, 2007 U.S. Dist. LEXIS 41214, at *4-5 (E.D.N.Y. 2007) ("Although defendant's disclosure of its expert report was well past the discovery deadline here, there is ample time before trial to cure any prejudice plaintiff would otherwise suffer."); *Peterson v. Pan Am Rys.*, 2015 U.S. Dist. LEXIS 66367, at *16-17 (N.D.N.Y. 2015) ("Plaintiff was unable to depose Dr. Gordon until Plaintiff had received Dr. Gordon's expert report….Despite finding prejudice to Plaintiff, the Court nonetheless finds that a continuance to allow Plaintiff to depose Dr. Gordon is possible and appropriate. Granting the continuance remedies the prejudice to Plaintiff.").

Defendants claim that the timing of plaintiff's disclosure prevents them from retaining an expert of their own, but there is no requirement that defendants in personal injury lawsuits cease from retaining an expert doctor or arranging an independent medical examination until after the plaintiff has done so; further, the Initial Scheduling Order's acknowledgment that "[e]xpert reports of the party with the burden of proof shall *ordinarily* be due before those of the opposing party's experts" is not a mandate. *See* Initial Scheduling Order, at p. 2 (emphasis added). Defendants were free to retain their own expert doctor. *See, e.g., Espiritu v. Hartman*, 2020 U.S. Dist. LEXIS 3054, at *19 (E.D.N.Y. 2020) ("If the subject of [the experts'] testimony really is 'of the utmost importance to this case,' it would seem that defense counsel should have realized the

hole in the case during the preparation of the May 2019 JPTO and attempted to obtain its own experts on these issues.").

Last, defendants' initial response to plaintiff's expert exchange, which made clear that the failure to prepare an expert discovery schedule was a mutual one and that defense counsel desired to continue expert discovery via extension, *see* **Exhibit 3**, strongly supports the argument that defendants are not prejudiced by the expert disclosure and have instead changed their position *ex post facto* purely as a matter of strategy. Moreover, the mere appearance of a discovery transgression should not give license to suspect foul play and to cast aside the Second Circuit's insistence that "the rules of discovery were not designed to encourage procedural gamesmanship, with lawyers seizing upon mistakes made by their counterparts in order to gain some advantage." *Outley v. New York*, 837 F.2d 587, 590 (2d Cir. 1988).

The record viewed in its entirety, combined with the relevant case law, cuts the issue of prejudice in favor of plaintiff.

III.     **The evidence to be precluded is critically important to the plaintiff**

That the evidence to be precluded is critically important to the plaintiff is apparent. Plaintiff's expert will testify as to the causal connection between the "use of force" incident and plaintiff's injuries and the relevance of plaintiff's past shoulder pain, the key issues in this case. As the "exact subject" of plaintiff's intended expert testimony

10

is at the center of the case, the testimony is obviously relevant and crucial to plaintiff's case. *See Savage & Assocs., P.C. v. Cty. of Fairfax (In re Teligent, Inc.)*, 2006 Bankr. LEXIS 5162, at *19 (S.D.N.Y. 2006) ("Preclusion of important evidence is a harsh remedy akin to the entry of a default judgment."); *Day v. CONRAIL*, 1996 U.S. Dist. LEXIS 6596, at *9 (S.D.N.Y. 1996) (despite late disclosure, "given the longstanding policy of this court to encourage the disposition of cases on their merits, we are inclined to exercise our broad discretion to permit defendant to call the two named experts to testify."); *Young v. Sw. Airlines Co.*, 2016 U.S. Dist. LEXIS 75950, at *13 (E.D.N.Y. 2016) (ruling against preclusion because "there is little question that the medical discovery plaintiff seeks to include is relevant. As defendant acknowledges, this case centers on causation and damages, the exact subject upon which plaintiff's medical expert is intended to shed further light.")

If defendants' motion were successful, plaintiff's argument on causation and damages would be harmed perhaps beyond repair. This factor should therefore cut in plaintiff's favor and against preclusion.

IV.    **Lesser sanctions, such as a continuance, are available and appropriate**

"Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses," especially, as here, if the "failure to comply is

11

due to a mere oversight of counsel amounting to no more than simple negligence."
*Outley*, 837 F.2d at 591. Although a continuance would cause a further delay, this case is
relatively new when compared with cases in which continuances have been denied. *Cf.*
*Morritt v. Stryker Corp.*, 2011 U.S. Dist. LEXIS 98218, at *24 (E.D.N.Y. 2011) ("Finally, the
fact that discovery is closed and this case has been pending for over four years 'weighs
strongly against the possibility of a continuance.'") (quoting *Spotnana, Inc. v. Am. Talent*
*Agency, Inc.*, 2010 U.S. Dist. LEXIS 86457, at *5 (S.D.N.Y. 2010)); *Sherman v. Bear Strearns*
*Co. (In re Bear Stearns Co.)*, 263 F. Supp. 3d 446, 452 (S.D.N.Y. 2017) (no continuance on
eight-year old case).

To grant a continuance in order to allow defendants to, *inter alia*, retain an expert
and/or depose plaintiff's expert would be consistent with the relevant case law. *See, e.g.*,
*Town & Country Linen Corp*, 2020 U.S. Dist. LEXIS 173658, at *7 ("Although expert
discovery now has closed, any prejudice to Plaintiffs can be addressed by (1) granting
them a short continuance and permitting them to use that continuance to take Mr.
Gerardi's deposition on the new information in the supplemental expert reports, (2)
relieving Plaintiffs' expert of the requirement to prepare an expert report responding to
Mr. Gerardi's supplemental report and permitting him to respond to the new opinions
at trial without the need for such report, and (3) ordering Defendants to pay the
reasonable expenses of Mr. Gerardi's continued deposition."); *Israeli v. Ruiz*, 2015 U.S.
Dist. LEXIS 97650, at *11 (S.D.N.Y. 2015) (Although disclosure late, "[w]e note that

plaintiff has represented that he would be available for such a deposition, and on that basis and with the goal of avoiding any conceivable prejudice to defendants, we authorize them to conduct such a deposition, not to exceed two hours before he testifies."); *Shapiro*, 2018 U.S. Dist. LEXIS 235818, at *8 ("Any prejudice to Defendants can be cured by reopening discovery—as Plaintiffs concede is appropriate. This is not a situation in which an expert has been noticed on the eve of trial so that the parties would need to re-do significant amounts of work."); *Mahoney*, 2007 U.S. Dist. LEXIS 41214, at *4-5 ("Although defendant's disclosure of its expert report was well past the discovery deadline here, there is ample time before trial to cure any prejudice plaintiff would otherwise suffer."); *S.W. v. City of New York*, 2011 U.S. Dist. LEXIS 59737, at *11 (E.D.N.Y. 2011) (same).

The Court may also briefly re-open discovery to cure any prejudice to defendants, and plaintiff has made clear that he would be open to any such cure. *See Sivin Declaration*, at 16. Trial courts have broad authority to oversee and set a discovery schedule as appropriate for each case. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019) (citing *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017)); *see also* 8-40 Moore's Federal Practice - Civil § 40.02 (Matthew Bender, 3d ed.) (under the good cause standard, "[i]t is clear that a district court has substantial inherent power to control and to manage its docket, and, in doing so, the court must strike a balance between the needs of judicial efficiency and the rights of litigants").

Once set by the court, a scheduling order may be modified for good cause and with a judge's consent. Fed. R. Civ. P. 16(b)(4).

In determining whether good cause exists for reopening discovery or permitting certain discovery after the expiration of a court-established deadline, courts consider a number of factors, including (1) the moving party's diligence and explanation for failing to comply with the scheduling order, (2) the importance and relevance of the expert testimony to the case, (3) whether the party seeking the additional discovery has had an adequate opportunity for discovery, (4) prejudice to the party opposing the request, and (5) imminence of trial. *See Rubik's Brand Ltd.*, 329 F.R.D. at 58.

As set forth in length above, these factors ought to favor either a continuance or a brief-reopening of discovery over the extreme sanction of preclusion.

## CONCLUSION

None of the factors that courts consider in weighing a request for preclusion favor such an extreme sanction here. Preclusion is plainly not warranted.

For the reasons stated herein, defendants' motion to preclude plaintiff's expert from testifying should be denied in its entirety.

Dated: New York, New York
       October 8, 2020

14

SIVIN, MILLER & ROCHE LLP

s/ Edward Sivin
Edward Sivin
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
Telephone: (212) 349-0300
E-mail: esivin@sivinandmiller.com

15