UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
Nicholas MAGALIOS,                                          :
                    Plaintiff,              :          19-cv-6188 (CS)
                                                    :
          – against –                              :
                                                      :
C.O. Matthew PERALTA, et al.,                               :
                                                      :
                  Defendants.             :
-------------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO PRECLUDE PLAINTIFF'S EXPERT**

LETITIA A. JAMES
Attorney General
State of New York
<u>Attorney for Defendants</u>
28 Liberty Street
New York, New York 10005
(212) 416-6551

Jessica Acosta-Pettyjohn
Assistant Attorney General
<u>Of Counsel</u>

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT           PLAINTIFF'S EXPERT SHOULD BE PRECLUDED ...……...….....……1

    A.  Defendants did not fail to follow any Court Order …..………………….…………... 2

    B.  Defendants are prejudiced by the late disclosure …………………….…………4


CONCLUSION.........................................................................................................................5

## PRELIMINARY STATEMENT

Defendants, Correction Officer Matthew Peralta, Correction Officer Timothy Bailey, and Correction Officer Edward Blount (collectively "Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this reply memorandum of law in further support of their motion to preclude Plaintiff's expert. By Notice of Motion dated September 24, 2020, Defendants moved for an order precluding Plaintiff from introducing evidence and testimony from Dr. Gerald Varlotta as he was not disclosed pursuant to the Court's June 23, 2020 scheduling Order (Dkt. Text Entry No. 19)[1]  In response thereto, Plaintiff contends that Dr. Varlotta should not be precluded because both parties are at fault and because Defendants are not prejudiced by his failure to disclose Dr. Varlotta in a timely manner, but such arguments lack merit.

### ARGUMENT

### PLAINTIFF'S EXPERT SHOULD BE PRECLUDED

Plaintiff's Counsel concedes that Plaintiff missed the Court's deadline Order regarding expert disclosures as counsel assumed that the report was timely since it was disclosed prior to the expert discovery deadline and he was unaware of the requirements set forth in the initial scheduling order. (Sivin Decl. ¶ 12).  Plaintiff's counsel also attempts to rectify his error by claiming that Defendants also failed to comply with the Court's expert discovery deadline and missed an earlier deadline and therefore, his expert should not be precluded.  Plaintiff's counsel also contends that because of the pandemic and because the fault was his and not his client's, his error should be excused.  Finally, Plaintiff's counsel further alleges that even though disclosure was untimely, Defendants are not prejudiced as Plaintiff's counsel reached out to Defendants to arrange for

---

[1] The original scheduling Order dated 12/14/2019 (Dkt. 13) was extended twice (Dkt. 17 and 19).

Defendants' expert to conduct an IME (Sivin Decl. ¶ 14). However, each of Plaintiff's arguments fail and do not relieve Plaintiff from fault.

**A.  Defendants did not fail to follow any Court Order**

Plaintiff's counsel claims that Defendants admitted fault in not following the Court's Order regarding expert disclosure when the undersigned sent an email stating that the parties did not meet and confer and requesting counsel's consent to an application for an extension of time to complete expert discovery. (Sivin Decl. ¶ 13, 15; see Sivin Decl. Exh. 3).  With respect to the email regarding the "meet and confer", Plaintiff's counsel is misinterpreting the statement.  The email was sent to inform Plaintiff's counsel that the parties never conferred about an expert because Plaintiff never mentioned retaining an expert.  Defendants did not seek to "meet and confer" because Defendants did not intend to hire a rebuttal expert in light of the fact that Plaintiff did not intend to put on an expert.  As noted in the Scheduling Order, it is anticipated that "the party with the burden shall ordinarily be due before those of the opposing party's expert."  (Dkt. No. 13, at ¶ 5.)  Thus, in the absence of any notification from Plaintiff that he intended to rely upon an expert, Defendants concluded that a rebuttal expert was not necessary. The fact that Plaintiff's counsel did not realize that there was a requirement to meet and confer does not absolve Plaintiff of his responsibility in failing to comply with the Court's order.

Further, Plaintiff contends that because it was counsel's error and not Plaintiff's and because of the on-going pandemic, his failure to comply with the Court's secluding order should be excused.  First, Plaintiff contends that Defendants themselves have acknowledged that the pandemic has interfered with the Defendants' ability to comply with the Local Rules.  (Plaintiff's Memo of Law, at p. 4.)  Clearly, the inability to provide a Table of Authorities cannot be compared to the failure to comply with a Court ordered discovery deadline.  Second, <u>Charles v. County of</u>

2

Nassau, 11 Civ. 2709, 116 F.Supp.3d 107, 122 (E.D.N.Y. 2015) does not compel the Court excusing Plaintiff's failure to comply with the Scheduling order. In Charles, the Court refused to preclude the use of documents produced after the close of discovery. The court noted that not only would preclusion "functionally" result in the dismissal of the plaintiff's case but, after Hurricane Sandy, the Plaintiff's counsel's law firm was disbanded, and her office was closed, and such actions was the cause of the delay in producing the documents. Id., at 122. Here, precluding the expert will not "functionally" result in the dismissal of Plaintiff's case. The issue in this case is whether Plaintiff was subjected to an excessive use of force. Moreover, counsel contends that the shift to working from home required him to familiarize himself with technology but fails to explain how this led to the failure to comply with the Court's order. Reviewing orders that are clearly available on ECF via the use of a computer was not a new task to be learned after the onset of the pandemic. Finally, the transition to working from home was in March 2020 and yet the discovery deadline was not until September 25, 2020[2].

Nor can Plaintiff seek to avoid his failure to comply with the Court's order by alleging that Defendants served untimely disclosures (Sivin Decl. ¶ 5), apparently arguing that because Defendants violated a Court ordered deadline, his failure to comply with the Scheduling order should be excused. First, it should be noted that pursuant to the Scheduling Order, all interim discovery deadlines may be extended by written consent of all parties without application of the Court (Order Dated December 13, 2019 at ¶ 4, extended by Order dated June 23, 2020 (Dkt. Nos. 13 & 19)). Here, while Plaintiff has provided the Court with his e-mail stating that the documents

---

[2] In making this argument, Defendants do not minimize the difficulties the on-going pandemic has caused for all parties. Here, however, it is Defendants' contention that Plaintiff's Counsel has failed to explain how the pandemic caused him to overlook the Court's requirements regarding expert discovery.

were overdue, a review of the entire e-mail chain evidences that Defendants sought, and received consent to an extension, from Plaintiff regarding the initial disclosures. (See Exh. A to the declaration of Jessica Acosta-Pettyjohn).

### B.  Defendants are prejudiced by the late disclosure

Defendants will be harmed and prejudiced if Plaintiff is allowed to present an expert at trial. The Second Circuit has held that "announcing a witness at the last minute caused surprise and prejudice." Wolak v. Spucci, 217 F.3d 157, 161 (2d Cir. 2000)(holding that while proof of damages was a basic element of plaintiff's case, it does not follow that defendants should have expected an expert where none had been announced. After the deadlines for disclosure of experts passed, defendants had a right to assume plaintiff would adduce evidence of damages primarily through her own testimony. Because the disclosure came so late, defendants would have been hard pressed to depose plaintiff's expert and to find one of their own.).

In reliance on the fact that Plaintiff was not seeking to retain an expert, defense counsel did not retain a rebuttal expert. Once Plaintiff emailed his expert report to Defendants, as a matter of professional courtesy, Defendants sought a consent for an adjournment of the expert discovery deadline (See Sivin Decl. Exh. 3) as the expert discovery deadline was 4 days away, and Defendants were no longer in a position to timely obtain a rebuttal expert. Once Plaintiff consented to the adjournment, Defendants sought an extension from the Court to proceed with expert discovery. (See Dkt. No. 20).  The Court denied the application for an adjournment stating that there will be no further extensions, particularly because the Court saw no reason why Plaintiff disclosed so late, and that Defendants' remedy is a motion to preclude. (See Dkt. No 21).  After the Court denied the extension, Plaintiff reached out to Defendants to offer Plaintiff to appear for an IME. (Sivin. Decl. Exh. 4). Defendants declined that invitation as the Court had already ruled

4

stating that there were no extensions for expert discovery and Defendants were not in a position to retain an expert and arrange for an IME in four days.

Since the Court ruled that there will be no further extensions, and Plaintiff served his expert report on September 21, 2020, Defendants are unable to obtain a rebuttal expert or conduct an IME. Should Plaintiff be permitted to place expert testimony before the jury and Defendants be precluded from doing so because of Plaintiff's late disclosure, Defendants will be prejudiced. Accordingly, allowing Plaintiff to rely upon the late disclosed expert would be unfairly prejudicial to Defendants.

Finally, Plaintiff contends that his expert is critical to the issue of causation and damages. Plaintiff, however, brings this claim pursuant to 42 U.S.C. 1983 for an alleged excessive use of force.  Unlike a deliberate indifference case, where the medical issue is critical, this is an excessive force case, where the critical issue whether the force used is excessive. If excessive force is proven, then "it is to be expected that the victim will suffer harm proximately caused by the excessive force." Aczel v. Labonia, 584 F.3d 52, 57 (2d Cir. 2009).  Plaintiff will not be prejudiced if he is unable to offer a medical expert as the issue of excessive force can be elicited from fact testimony.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant Defendants' underlying motion to preclude expert testimony.

Dated: New York, New York
       October 15, 2020

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendants
By:
 /s/ *Jessica Acosta-Pettyjohn*
Jessica Acosta-Pettyjohn

Assistant Attorney General
28 Liberty Street- 18th Floor
New York, NY 10005
(212) 416-6551