UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NICHOLAS MAGALIOS,

                Plaintiff,                    <u>PLAINTIFF'S</u>
                                                <u>MOTIONS IN LIMINE</u>
      -against-

C.O. MATTHEW PERALTA, et al.,           Case No. 19-cv-6188 (CS)

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff requests that the Court issue an order precluding defendants from offering any evidence of, or making any reference to, the following:

    1.  Defendants' claimed entitlement to qualified immunity;

    2.  Plaintiff's postings on Facebook; and

    3.  Plaintiff's criminal convictions.

    1.  <u>Defendants' Claimed Entitlement to Qualified Immunity</u>

      In his Complaint, plaintiff alleges that on September 3, 2016, while a prisoner at Fishkill Correctional Facility, he was subjected to a use of excessive force by defendants in violation of his Eighth Amendment rights.  In their section of the Joint Pre-Trial Order, defendants maintain that they did not use any force, much less excessive force, against plaintiff on September 3, 2016.  As an alternative defense, defendants maintain they are "entitled to qualified immunity on plaintiff's claims."  Any such defense, or comment or reference to such a defense, should be precluded.

      In a lawsuit alleging excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, the inquiry turns on whether the force was applied "maliciously and sadistically," rather than as part of "a good-faith effort to maintain or

restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010).  Here, if the jury concludes that

one or more of the officers used force against plaintiff in violation of the Eighth Amendment, the

jury necessarily will have found that the officers acted "maliciously and sadistically," which by

definition will preclude a defense of qualified immunity.  *See Aczel v. Labonia*, 584 F.3d 52, 57

(2d Cir. 2009) ("By definition, one who acts "maliciously" does not reasonably believe he is

"acting in good faith.").  Indeed, in the context of Eighth Amendment claims of excessive force

against prisoners, the district courts in this Circuit have come to conclude that "qualified

immunity" is, as a matter of law, not an available defense.  *See, e.g., Ismael v. Charles*, 2020

U.S. Dist. LEXIS 124292, at *26 (S.D.N.Y. July 15, 2020) (noting that evidence that officers

acted maliciously and sadistically "is enough to preclude the officers' qualified immunity

defense"); *Castro v. City of N.Y.*, 2020 U.S. Dist. LEXIS 215567, at *38 (S.D.N.Y. Nov. 18,

2020) ("Accepting Plaintiff's version of events—that one of the Defendants deliberately punched

him with the intent to cause harm—would likely preclude a finding that Plaintiff's rights were

not clearly established at the time of the violation, or that it was objectively reasonable for [the

officers] to believe the conduct at issue was lawful"); *Zimmerman v. Pautz*, 2020 U.S. Dist.

LEXIS 97763, at *68-69 (W.D.N.Y. June 2, 2020) ("A finding that the injury was purposefully

inflicted would support that Defendants are not to be entitled to qualified immunity because it

was well-established prior to November 10, 2010, that prison inmates were not to be subjected

to excessive force.") (citation omitted).

   Equally important, defendants herein are not entitled to qualified immunity in

connection with their use of force against plaintiff because defendants deny having used *any*

force against plaintiff.  Since the crucial factor in the qualified immunity analysis is "whether the

official acted reasonably *in the particular circumstances that he or she faced*," *Edrei v. Maguire*,

892 F.3d 525, 539 (2d Cir. 2018), *cert denied*, 139 S. Ct. 2614 (2019) (emphasis added), entitlement to qualified immunity cannot plausibly be alleged where the defendants categorically deny even having faced the "circumstances" in question.  Moreover, since qualified immunity is an affirmative defense on which the defendant has the burden of proof, *see Huminski v. Corsones*, 386 F.3d 116, 143 (2d Cir. 2004), defendants' denial that they used *any* force against plaintiff necessarily means they cannot meet their burden—they cannot prove they acted reasonably in connection with force which they claim they never used.  Stated otherwise, it is legally untenable, if not unseemly, for defendants to argue, "We didn't use any force against plaintiff, but if we did, then we acted reasonably."  By denying they used force at all, defendants have forfeited their right to argue, and should be estopped from arguing, that they used force reasonably.  *Cf. Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000) ("Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.")

2. Plaintiff's Postings on Facebook

Plaintiff maintains an account with the social media platform Facebook.  None of his postings on Facebook relates to any of the issues in this lawsuit.  Moreover, to a certain audience, some of his postings may present plaintiff in an unflattering light, particularly with respect to his political views.  Accordingly, the potential prejudice that would result from allowing defendants to elicit testimony or other evidence regarding any of plaintiff's Facebook postings substantially outweighs any conceivable probative value, and such evidence should be excluded under Fed. R. Civ. P. 403.  *See United States v. Shipp*, 2020 U.S. Dist. LEXIS 40473, at *16 (E.D.N.Y. Mar. 9, 2020) (granting motion to exclude Facebook postings, even though they referenced the underlying incident "[b]ecause the danger of unfair prejudice substantially

outweighs the probative value.")

3. <u>Plaintiff's Criminal Convictions</u>

Plaintiff was convicted on the following dates after pleading guilty to the following four crimes in New York state: <u>September 16, 2009</u>:  Burglary in the Second Degree; <u>October 3, 2012</u>, Criminal Possession of Stolen Property in the Third Degree; <u>May 6, 2014</u>: Attempted Burglary in the Second Degree; and <u>October 21, 2016</u>: Promoting Prison Contraband in the First Degree.

Additionally, in <u>October 2008</u>, plaintiff was arrested in New Jersey and charged with forgery.  Seven years later, on <u>June 11, 2015</u>, after a bench warrant had been issued in connection with the 2008 arrest, plaintiff was convicted in New Jersey upon a plea of guilty to Forgery in the Third Degree.

Plaintiff seeks to preclude defendants from eliciting any evidence at trial as to any of these convictions, since the prejudicial effect of that evidence would substantially outweigh its probative value.  *See* Fed. R. Civ. P. 403.

When balancing the probative value of conviction against its prejudicial effect, courts will examine four factors: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness."  *Olutosin v. Gunsett*, 2019 U.S. Dist. LEXIS 189289, at *25-26 (S.D.N.Y. Oct. 31, 2019) (citations omitted).  Applying these four factors to plaintiff's New York convictions compels an order excluding those convictions.

With respect to the first factor, none of the enumerated crimes (burglary, criminal possession of stolen property, or attempted promotion of prison contraband) has any significant impeachment value, as they are not particularly probative of credibility.  *See Olutosin v. Gunsett*,

2019 U.S. Dist. LEXIS 189289, at *26 (S.D.N.Y. Oct. 31, 2019) (noting that "convictions for

other crimes of force, *i.e.*, 'arson, burglary, armed robbery, illegal possession of a firearm, and

assault and battery' are not particularly 'probative of credibility for purposes of Rule 609.'")

*Hartman v. Snelders*, 2010 U.S. Dist. LEXIS 153876, at *32 (E.D.N.Y. Jan. 28, 2010) (same);

*Dougherty v. Cty. of Suffolk*, 2018 U.S. Dist. LEXIS 67465, at *10-11 (E.D.N.Y. Apr. 20, 2018)

(noting that convictions for burglary and criminal possession of stolen property ordinarily are not

sufficiently probative of truthfulness to allow the crimes to be used for impeachment purposes).

      The second factor also weighs against admitting evidence of plaintiff's

convictions.  Courts have noted that "the age of the convictions diminishes their probative

value."  *Shepherd v. Smith*, 2019 U.S. Dist. LEXIS 178838, at *4 (N.D.N.Y. Oct. 16, 2019);

*Montanez v. City of Syracuse*, 2019 U.S. Dist. LEXIS 152674, at *7 (N.D.N.Y. Sep. 9, 2019).

Here, plaintiff's New York convictions date back twelve years, nine years, seven years, and five

years, and the most recent conviction (attempted promotion of prison contraband) was the least

serious of the four offenses.

      The third factor—the similarity between the past crimes and the conduct at issue—

also weighs against admitting evidence of plaintiff's convictions.  Just as evidence of convictions

for assault were found to be impermissible "propensity" evidence in cases where inmates alleged

excessive force, *see Espinosa v. McCabe*, 2014 U.S. Dist. LEXIS 31741, at 14 (N.D.N.Y. 2014);

*Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993); *Thousand v. Corrigan*, 2017 U.S. Dist.

LEXIS 166198, at 13 (N.D.N.Y. 2017), so too evidence of burglary convictions should be regarded

impermissible in those cases because the jury is likely to infer that the plaintiffs have a propensity to

engage in violent behavior.  In *Tranchina v. McGrath*, 2020 U.S. Dist. LEXIS 143212, at *8

(N.D.N.Y. Aug. 11, 2020), another case involving an alleged use of excessive force by a

correction officer against a prisoner, the court precluded evidence of the plaintiff's prior convictions for burglary and arson, noting that allowing that evidence would risk "great potential for prejudice because the jurors could improperly infer that Plaintiff has a propensity for violence and, therefore, likely instigated the altercation with [the officers].").

Regarding the fourth factor—the importance of the credibility of the witness—plaintiff acknowledges that since the opposing parties will be testifying to completely different versions of what occurred on September 3, 2016, plaintiff's credibility will be a central issue in this case.  However, since none of the four New York convictions is germane to plaintiff's propensity for telling the truth, allowing the jury to hear evidence of those convictions risks misleading the jury into concluding that merely by virtue of his several prior convictions, plaintiff should not be believed.  Stated otherwise, evidence of plaintiff's prior criminal record has the potential for substantial prejudice because it may be viewed as reflecting poorly on plaintiff's character and "influence the jury to a point of distraction from the matter about which he is called on to testify." *See United States v. Agostini*, 280 F.Supp.2d 260, 261 (S.D.N.Y. 2003). Accordingly, the fourth factor also weighs in favor of excluding evidence of plaintiff's four New York convictions.

Plaintiff's conviction in New Jersey for Forgery in the Third Degree admittedly presents a closer call, since that crime arguably can reflect on a witness' veracity.  *See Jolly v. Troisi*, 2000 U.S. Dist. LEXIS 6479, at *6-7 (S.D.N.Y. May 9, 2000) ("A prior conviction for forgery may raise a question of Plaintiff's capacity for veracity.") (citation omitted); *Tapp v. Tougas*, 2018 U.S. Dist. LEXIS 66743, at *8-9 (N.D.N.Y. Apr. 20, 2018) ("The Court finds that the 2009 conviction for Forgery Second Degree is admissible under Rule 609(a)(2), including all essential facts of the crime, since establishing the crime required proving a dishonest act or false

statement."); *but see  Hartman v. Snelders*, 2010 U.S. Dist. LEXIS 153876, at *32-33 (E.D.N.Y.

Jan. 28, 2010) (citing with approval *United States v. Rosales*, 680 F.2d 1304, 1306-07 (10th Cir.

1981) ("excluding evidence of convictions for *forgery*, burglary, illegal firearms and narcotics

violations as "'not normally suggest[ive] of the special probative value on the issue of credibility

contemplated by Fed. R. Evid. 609(a)(1)'"") (emphasis added).  However, since the underlying

crime in New Jersey occurred twelve years ago, the probative value of the resulting conviction is

diminished.  Nevertheless, should this Court conclude that this conviction has any probative

value with respect to plaintiff's veracity, plaintiff requests that to avoid unfair prejudice and

confusion to the jury, the Court exercise its discretion by limiting defendants to questioning

plaintiff as to whether he had been arrested for a crime in 2008 and then convicted of that crime

in 2015, and not to elicit any more details of the crime or conviction.  *See, e.g., Tirado v. Shutt*,

2015 U.S. Dist. LEXIS 151806, at *14-15 (S.D.N.Y. Nov. 9, 2015) (case involving excessive

force on prisoner, court allowed evidence of prior convictions that had "some probative value

with respect to [the witnesses'] character for truthfulness" but limited defendants "to elicit on

cross-examination the fact and date of the Inmate Witnesses' convictions. No further testimony

regarding these convictions will be permitted, and no extrinsic evidence will be admitted, unless

an Inmate Witness denies the fact of his conviction.").

Dated:  New York, New York
          March 29, 2021

                                                            Yours, etc.
                                                            Sivin & Miller, LLP


                                                            By _____
                                                                *Edward Sivin*
                                                                Edward Sivin
                                                                Attorneys for Plaintiff
                                                                20 Vesey St., Suite 1400
                                                                New York, NY  10007
                                                                (212) 349-0300

7