UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Nicholas MAGALIOS,                              :
                      Plaintiff,       :     19-cv-6188 (CS)
                                       :
    – against –                           :
                                       :
C.O. Matthew PERALTA, et al.,                   :
                                       :
                      Defendants.      :
--------------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR A NEW TRIAL, OR REMITTITUR OF THE DAMAGE AWARD**

                                      LETITIA A. JAMES
                                      Attorney General
                                      State of New York
                                      <u>Attorney for Defendants</u>
                                      28 Liberty Street
                                      New York, New York 10005
                                      (212) 416-6551

Jessica Acosta-Pettyjohn
Assistant Attorney General
     <u>Of Counsel</u>

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT            THE DAMAGES AWARDS SHOULD BE VACATED OR
                    SUBSTANTIALLY REDUCED AS A MATTER OF LAW ……..…......1

          A. Gore Guidepost ……………………………………………….………2

          B. Comparable Cases ………………………………………………….3

CONCLUSION............................................................................................................................7

**PRELIMINARY STATEMENT**

By Notice of Motion dated June 28, 2021, Defendants Mathew Peralta ("Peralta"), Timothy Bailey ("Bailey") and Edward Blount ("Blount") moved to renew their motion for a new trial or to vacate or remit the damages awards. For the reasons discussed below and in Defendants' Moving Memorandum of Law, Defendants' motion should be granted.[1]

**ARGUMENT**

**THE DAMAGES AWARDS SHOULD BE VACATED OR SUBSTANTIALLY REDUCED AS A MATTER OF LAW**

As set forth in Defendants' Moving Memorandum of Law, there is no evidence in the record that Defendants acted maliciously or wantonly to support a punitive damage award. See, e.g., Coleman v. Siedel, 533 F. Supp. 593, 597-99 (D. Conn. 1980) (punitive damages award vacated where no evidence at trial was presented to show defendant's improper subjective intent and where counsel's summation did not argue that defendant had acted with any "prejudice, ill-will, with spite or grudge, either toward [plaintiff] individually or toward all persons in one or more groups or categories of which [plaintiff] . . . was a member"); see also Schlaifer Nance & Co. v. Estate of Warhol, 927 F. Supp. 650, 652 (S.D.N.Y. 1996), aff'd, 119 F.3d 91 (2d Cir. 1997) (verdict was "product of sheer surmise and speculation" where no evidence presented showed defendants would gain anything from their actions and thus any evil motives could not be inferred for purposes of punitive damages award).

Accordingly, the punitive damages awards should be vacated.

---

[1] Because the Court is fully familiar with the underlying recent trial, Defendants do not include a separate Statement of Facts section of their brief.

1

**A. Gore Guideposts**

The punitive damages award must be reduced since it is so excessive as to shock the judicial conscience and thereby constitute a denial of justice.  See Zarcone v. Perry, 572 F.2d 52, 56 (2d Cir. 1978).  This is particularly true since none of the three factors articulated by the Supreme Court in BMW of N. Am. v. Gore, 517 U.S. 559, 574-75 (1996) describe Defendants' conduct.  Indeed, Plaintiff's minor injuries - and the compensatory damage award of only $50,000 - indicates that any force used by Defendants proximately causing those injuries was *de minimis*.

Further, the evidence fails to show that Defendants acted with malice, nor, is there evidence that any Defendant has previously engaged in like conduct.  Accordingly, the reprehensibility factor does not weigh in favor of a high punitive damages award.  C.f., e.g., DiSorbo v. Hoy, 343 F.3d 172, 183-188 (2d Cir. 2003) (record contained evidence that, *inter alia*, defendant deliberately choked plaintiff "to the point where she began to lose vision" while handcuffed and defenseless, and where medical providers corroborated the extensive nature and severity of her injuries, including noting visible bruises on her face and head following the incident, and defendant engaged in repeated acts of violence against plaintiff, reprehensibility factor favored punitive damages award).

The second guidepost also favors reducing the punitive damage award because a significant disparity exists between any evidence of harm and the awards.  Under this factor, "courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 419 (2003).   Whether the ratio is considered based on the total compensatory damage award or pro-rated for each defendant, the ratio is excessive.   If the ratio is determined as against the total compensatory damage award the ratios are 7:1 for Peralta and Bailey; and 5:1 for

Blount. If assessing the punitive damages by pro-rating the compensatory damage award, the ratio would be approximately 21:1 for Peralta and Bailey; and 15:1 for Blount. See (Pl. Mem. at 11 citing Grabinski v. Blue Springs Ford Sales, Inc., 203 F.3d 1024, 1026 (8th Cir. 2000), cert. denied, 531 U.S. 825 (2000). Under either calculation, the award of punitive damages is excessive. See Allah v. Verkay, 979 F. Supp. 2d 349, 374 (E.D.N.Y. 2013) (quoting Grabinski, 203 F.3d at 1026 (noting absence of Second Circuit precedent when computing ratios where defendants are joint and severally liable for compensatory damages but individually liable for punitive damages, and adopting Eight Circuit approach of "'divid[ing] the individual punitive damages awards by the individual pro rata shares of the actual damages'"))[2].

In this Circuit, ratios above four-to-one are generally considered improper. See, e.g., Jennings v. Yurkiw, No. 14-cv-6377, 2018 WL 5630454, at *17 (E.D.N.Y. Oct. 31, 2018) (collecting cases).

B. Comparable Cases

The cases that Plaintiff cites in his memorandum of law in opposition are factually distinguishable to the matter at hand because the conduct in those cases were far more egregious, the injuries far more severe, and, in many cases, the plaintiff was defenseless at the time of the assault. (See Pl.'s Mem. at 13-14) For instance, in Jackson v. Tolledo, No. 11-cv-3028 2018 WL 4043150, at *9 (E.D.N.Y. Aug. 24, 2018), the court upheld 12 individual punitive awards ranging between $50,000 and $400,000, where plaintiff was punched, choked, repeatedly hit with multiple batons, and pepper sprayed after being subdued, and suffered, inter alia, a fractured hand from which he would never recover full strength. In Greenaway v. County of Nassau, 327 F. Supp. 3d

---

[2] Plaintiff's suggestion that this Court should not pro rate the compensatory damage award for purposes of determining the ratio because the Defendants may be indemnified should be rejected. As Plaintiff seems to acknowledge the duty to indemnify is not absolute. Moreover, Plaintiff has not cited to one case that stands for the proposition that in determining if punitive damages are excessive, possible indemnification is a factor.

3

552 (E.D.N.Y. 2018), the court upheld a $100,000 punitive damages award against police officers where plaintiff was tassed four times without provocation after calmly speaking with the officers for twenty minutes and plaintiff's therapist testified to extensive emotional distress.

As noted in the underlying motion, in the instant matter, Plaintiff was not restrained during the incident and there was no evidence of any serious, medically-corroborated injury in the record comparable to the injuries sustained by the plaintiffs in the cases he relies upon.

Rather, a review of comparable cases indicate that the award is excessive. In Greenburg v Roundtree, No. 17 CIV 03295(PGG)(SLC), 2020 WL 6561598, at *10 (S.D.N.Y. Jan. 16, 2020), report and recommendation adopted, No.17 CIV 3295(PGG)(SLC), 2020 WL 4746460 (S.D.N.Y. Aug. 16, 2020), the Court agreed that the plaintiff was entitled to an award of punitive damages because without provocation the Defendant, a Correction Officer, entered plaintiff's cell with the intent to harm him, causing a two-inch gash that bled profusely while the defendant delayed medical treatment, made false statements that plaintiff instigated the attack, which lead to disciplinary charges that were subsequently vacated, and plaintiff's 90-day detention in disciplinary confinement. However, the Court also found that an award of $150,000 was not warranted and could be deemed excessive under the Gore factors because although defendant's assault was unprovoked, it involved only a single incident, and did not involve broken bones or surgery, among other things. Id. Therefore, the Magistrate Judge recommended that the punitive damage award be reduced to $85,000 finding it "sufficient to punish the defendant for his misconduct[,] and adequate to serve as a deterrent." Id. citing Poulos v. City of New York, No. 14 CV 03023(LTS)(BCM), 2018 WL 3750508, at *9 (S.D.N.Y. July 13, 2018), report and recommendation adopted, No. 14 CV 3023-LTS-BCM, 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018).

4

Additionally, as stated in the underlying motion, there are several cases that favor reduction of punitive damages. In DiSorbo, a police officer arrested one of the plaintiffs after she spurned his advances at a bar. 343 F.3d at 176-77. At the police station, and while handcuffed "and defenseless," Id. at 184, that officer then grabbed her throat, slammed her against the wall, choked her until she was unable to breathe and began to lose her vision, threw her onto the floor and struck her repeatedly, Id. at 177. The plaintiff's injuries were "well-documented" by the medical evidence and included two large hematomas on her head and significant bruising over her upper body, including "pressure point bruises" on her neck and ear, which corroborated her testimony that she was choked. Id. at 179. The jury awarded a total of $1,270,000 in punitive damages against that defendant. Id. at 181. However, on appeal, the Second Circuit determined the verdict was excessive and ordered a new trial unless the plaintiff agreed to remit $1.2 million and accept a $75,000 punitive damages award. Id. at 189.[3]

Similarly, in Payne v. Jones, 711 F.3d 85, 88 (2d Cir. 2013), the defendant slapped the plaintiff on the side of his head and, after the plaintiff kicked the defendant in the groin, the defendant punched the plaintiff in the face and neck seven to ten times and kneed him in the back several times, all while the plaintiff was handcuffed. Plaintiff introduced medical evidence that showed, inter alia, that he had a bloody and swollen face following the incident. Id. The jury awarded the plaintiff $300,000 in punitive damages. Id. at 90. On appeal, the Second Circuit determined the award was excessive, noting that in police misconduct cases in which a punitive damages award of $150,000 or more was sustained, "the wrongs at issue" in those cases "were more egregious" than in in the case before them. Id. at 105.

---

[3] The jury's $400,000 compensatory damages award was also reduced to $250,000. DiSorbo, 343 F.3d at 185-86.

5

Here, unlike DiSorbo and Payne, Plaintiff was not restrained or "defenseless" during the incident. In addition, there was no evidence of any serious, medically-corroborated injury in the record like there were in DiSorbo and Payne. Moreover, Plaintiff's account of what Defendants specifically did is not as detailed in egregiousness as that portrayed by DiSorbo or Payne. Accordingly, the punitive damages awards in this case are excessive. See also, e.g., Lee v. Edwards, 101 F.3d 805, 812 (2d Cir. 1996)). (reducing $200,000 punitive damages award to $75,000 where defendant officer struck plaintiff, who was handcuffed, eight or nine times in the head with his baton, causing plaintiff to lose consciousness and sustain cuts and contusions to his head); Denman v. Sanders, No. 05-cv-25, 2006 WL 452018 (S.D.N.Y. Feb. 24, 2006) (reducing $600,000 total punitive damages award to $200,000 where defendant punched plaintiff once in the head, which caused bleeding, pain, and a permanent ¼ inch scar).

Finally, Plaintiff's reliance on Anderson v Osborne, 2020 U.S. Dist. LEXIS 194371/ No. 17 CV 539, 2020 WL 6151249 2020, at *3 (S.D.N.Y. 2020) (Pl. Mem. at 14-15) is grossly misplaced. In Anderson, the jury found that four of the defendants, Sgt. Osborne and Correction Officers Ernst, Hennig, and Snedeker "used excessive force to violently beat and subdue plaintiff for declining to discuss with Sgt. Osborne plaintiff's conversation with an OSI investigator." Anderson, 2020 WL 6151249, at *8. The record evidence here did not demonstrate that Defendants engaged in comparable violent conduct. In further contrast to this case, the jury in Anderson, "plainly discredited the defendants' testimony and other record evidence, and concluded defendants lied to cover up their use of unprovoked, excessive force against plaintiff, an inmate in their charge." Id. at *8. Unlike in the present case, in Anderson, after "plaintiff was taken to the medical clinic for an evaluation following the incident, infirmary staff decided to send plaintiff to an outside hospital for further evaluation because of significant swelling in his upper thigh area

and to confirm plaintiff did not have any broken bones. The medical evidence further indicated plaintiff sustained bruising on his hands and toes, scrapes to his body, was ambulating with a limp, and complained of pain to his head, ribs, and other parts of his body." Id. at *3. Here, the evidence clearly demonstrated that Plaintiff did not need to be sent plaintiff for an outside evaluation, and in fact, sustained only minor injuries.

Defendants' underlying motion to vacate or remit the damages awards should therefore be granted.

## CONCLUSION

For the reasons set forth herein and in the underlying motion, Defendants respectfully request that this Court order a new trial pursuant to Rule 59, or order Plaintiff to remit a substantial portion, if not the entirety, of the $950,000 punitive damages awarded.

Dated: New York, New York
July 19, 2021

                                                     LETITIA JAMES
                                                     Attorney General
                                                     State of New York
                                                     Attorney for Defendants

By:    */s/ Jessica Acosta-Pettyjohn*
           Jessica Acosta-Pettyjohn
           Bruce J. Turkle
           Assistant Attorneys General
           28 Liberty Street, 18th Floor
           New York, NY 10005
           Tel: (212) 416-6551; -8524
           Jessica.acosta-pettyjohn@ag.ny.gov
           Bruce.Turkle@ag.ny.gov