```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

NICHOLAS MAGALIOS,

            Plaintiff,

       v.                              19 CV 6188(CS)
                                    PLAINTIFF SUMMATION -
                                          VERDICT

C.O. MATHEW PERALTA,
C.O. TIMOTHY BAILEY,
C.O. EDWARD BLOUNT,

            Defendants.

----------------------------------x

                                  United States Courthouse
                                  White Plains, New York
                                  April 29 & 30, 2021



Before:  THE HONORABLE CATHY SEIBEL, District Judge


                  APPEARANCES

SIVIN & MILLER, LLP
     Attorneys for Plaintiff
GLENN D. MILLER



LETITIA JAMES
     Attorney General for the State of New York
JESSICA ACOSTA-PETTYJOHN
BRUCE J. TURKLE
     Assistant Attorneys General
```

1              THE COURT:  Walter received, I guess, a text that they
2  have a verdict, not a note, so you can go get them.  Needless to
3  say, there should be no reaction to it.  In case anybody didn't
4  hear that, there should be no reaction to the verdict.
5              (Open court; Jury present)
6              THE COURT:  Good afternoon, ladies and gentlemen.  I
7  understand you've reached a verdict.  Let me take a look at the
8  form.
9              (Brief pause.)
10             THE COURT:  All right, Walter, if you would return
11 this to the foreperson (handing).
12             Mr. Clark will take the verdict.
13             THE DEPUTY CLERK:  Will the Foreperson please rise.
14             Has the Jury agreed upon a verdict?
15             THE FOREPERSON:  Yes.
16             THE DEPUTY CLERK:  Okay, Section 1, Defendant Mathew
17 Peralta, Subsection A, liability, excessive force, for whom you
18 do you find on Plaintiff's claim for excessive force against
19 Defendant Mathew Peralta?
20             THE FOREPERSON:  The Plaintiff.
21             THE DEPUTY CLERK:  Subsection B, liability, failure to
22 intervene, for whom do you find on Plaintiff's claim for failure
23 to intervene against Defendant Mathew Peralta?
24             THE FOREPERSON:  Plaintiff.
25             THE DEPUTY CLERK:  Section 2, Subsection A, Defendant

```
 1  Timothy Bailey, liability, excessive force, for whom do you find
 2  on Plaintiff's claim for excessive force against Defendant
 3  Timothy Bailey?
 4           THE FOREPERSON:  Plaintiff.
 5           THE DEPUTY CLERK:  Section 2, subsection B, liability,
 6  failure to intervene, for whom do you find on Plaintiff's claim
 7  for failure to intervene against Defendant Timothy Bailey?
 8           THE FOREPERSON:  Find for the Plaintiff.
 9           THE DEPUTY CLERK:  Section 3, Defendant Edward Blount,
10  for whom do you find on Plaintiff's claim for failure to
11  intervene against Defendant Edward Blount?
12           THE FOREPERSON:  Find for the Plaintiff.
13           THE DEPUTY CLERK:  Section 4, damages, Subsection A,
14  compensatory damages, please state the amount that will fairly
15  and adequately compensate Plaintiff for any injury he actually
16  sustained as a result of Defendants' conduct.
17           THE FOREPERSON:  $50,000.
18           THE DEPUTY CLERK:  Section 4, Subsection B, punitive
19  damages, number 1, Mathew Peralta, do you award punitive damages
20  against the Defendant Mathew Peralta?
21           THE FOREPERSON:  Yes.
22           THE DEPUTY CLERK:  How much do you award in punitive
23  damages against Defendant Mathew Peralta?
24           THE FOREPERSON:  $350,000.
25           THE DEPUTY CLERK:  Section 2, Timothy Bailey, do you
```

Case 7:19-cv-06188-CS   Document 55   Filed 12/25/21   Page 4 of 11

Magalios v. Peralta - Jury Verdict                        619

```
 1  award punitive damages against Defendant Timothy Bailey?
 2          THE FOREPERSON:  Yes.
 3          THE DEPUTY CLERK:  How much do you award in punitive
 4  damages against Defendant Timothy Bailey?
 5          THE FOREPERSON:  $350,000.
 6          THE DEPUTY CLERK:  Section 3, Edward Blount, do you
 7  award punitive damages against Defendant Edward Blount?
 8          THE FOREPERSON:  Yes.
 9          THE DEPUTY CLERK:  How much do you award in punitive
10  damages against Defendant Edward Blount?
11          THE FOREPERSON:  $250,000.
12          THE DEPUTY CLERK:  You can have a seat.
13          Ladies and gentlemen of the Jury, please listen to
14  your verdict as it stands recorded.
15          Section 1, Defendant Mathew Peralta, liability,
16  excessive force, you voted in favor of Plaintiff.
17          Subsection B, liability, failure to intervene, as to
18  Defendant Mathew Peralta, you found in favor of Plaintiff.
19          Section 2, Defendant Timothy Bailey, Subsection A,
20  liability, excessive force, you find in favor of Plaintiff as to
21  Defendant Timothy Bailey.
22          Subsection B, liability, failure to intervene, failure
23  to intervene against Defendant Timothy Bailey, you find in favor
24  of Plaintiff.
25          Section 3, Defendant Edward Blount, you find in favor
```

TABITHA R. DENTE, RPR, RMR, CMR
(914) 390-4027

of Plaintiff for failure to intervene against Defendant Edward Blount.

    Section 4, damages, compensatory damages, you find in the amount of $50,000.

    Subsection B, punitive damages, you find punitive damages against the Defendant Mathew Peralta in the amount of $350,000.

    Defendant Timothy Bailey, you do award Plaintiff damages against Defendant Timothy Bailey in the amount of $350,000.

    Subsection 3, Defendant Edward Blount, you voted yes to award punitive damages against Defendant Edward Blount in the amount of $250,000.

    Juror No. 1, is this your verdict?

    JUROR NO. 1: Yes.

    THE DEPUTY CLERK: Juror No. 2, is this your verdict?

    JUROR NO. 2: Yes.

    THE DEPUTY CLERK: Jour No. 3, is this your verdict?

    JUROR NO. 3: Yes.

    THE DEPUTY CLERK: Juror No. 4, is this your verdict?

    JUROR NO. 4: Yes.

    THE DEPUTY CLERK: Juror No. 5, is this your verdict?

    JUROR NO. 5: Yes.

    THE DEPUTY CLERK: Juror No. 6, is this your verdict?

    JUROR NO. 6: Yes.

1           THE DEPUTY CLERK:  Juror No. 7, is this your verdict?
2           JUROR NO. 7:  Yes.
3           THE DEPUTY CLERK:  Juror No. 8, is this your verdict?
4           JUROR NO. 8:  Yeah.
5           THE DEPUTY CLERK:  Jury polled unanimous, so say you
6   all.
7           THE COURT:  Thank you, ladies and gentlemen, very much
8   for your service.
9           You're now free to talk about the case with anyone you
10  like.  One thing you might want to think about is some jurors
11  tell me that they're happy to talk to the lawyers about how the
12  lawyers did or what their impressions were of what happened in
13  the courtroom, but they don't talk about what happened in the
14  jury room.  There's no rule about that; you're free to talk
15  about anything you like.  I mention that just as something for
16  you to consider.
17          I don't know if the lawyers are going to want to talk
18  to you afterwards, but if they approach you and you don't want
19  to talk to them, just tell them you'd rather not and they'll
20  leave you alone.  And nobody's going to come knocking on your
21  door after this to talk about the case.  They can't do that
22  without my permission.
23          So you can tell your friends and family about your
24  experience if you like, and you are off the hook for jury
25  service for a good four years I think, at least as far as the

1  federal court is concerned.
2           If you need to get going, that's fine, but if you can
3  stay for a couple of minutes, I need to talk to the lawyers for
4  a minute, but then I'd like to come back to the jury room and
5  thank you in person.  My feelings won't be hurt if you can't
6  stay, but if you can, I'll be back there in a couple of minutes.
7           And with that, your service is concluded with the
8  thanks of the Court.
9           (Open court; Jury not present)
10          THE COURT:  Well, if my math is right, that's a
11 million dollars, right?  It's certainly a strong message about
12 what the community thinks about the use of excessive force and
13 the failure to intervene.
14          Just out of curiosity, Ms. Acosta-Pettyjohn and Mr.
15 Turkle, what are the State's rules about who pays these punitive
16 damages?  I think I'm going to hear it's a case-by-case
17 decision.  Is that what I'm going to hear?
18          MS. ACOSTA-PETTYJOHN:  Yes, your Honor.  I'm not sure
19 if there's any bright-line rule for that, your Honor.
20          THE COURT:  In the history of the State of New York,
21 has the State of New York ever not paid the punitive damages?
22          MS. ACOSTA-PETTYJOHN:  Honestly, I'm not sure, your
23 Honor.  I think that --
24          THE COURT:  Well, Mr. Turkle's been around a long
25 time.

1          MR. TURKLE:  Well, not necessarily for the State.
2          I do know that there have been issues most recently
3 with regard to the indemnification for punitive damages, but
4 ultimately, you know, it's a much higher level than my own and
5 actually involves more of the agency.
6          THE COURT:  Well, I hope you'll pass on when the time
7 comes that this is one of the strongest cases I've seen.  I
8 think the evidence here...greatly exceeded a preponderance, and
9 it's obvious that...indemnification defeats the purpose of
10 punitive damages.
11          And what can you tell me will be the repercussions
12 professionally for the Defendants?
13          MR. TURKLE:  I couldn't speak to that.
14          THE COURT:  Yeah, I think the Jury would be disgusted
15 if it learned that these gentlemen were going to...suffer no
16 professional repercussions and the State was going to pay.  For
17 what that's worth.  Because they're clearly disgusted.  Their
18 punitive damages, I'm not good at math, but they exceed the
19 actual damages by a factor of twenty, I think, if I'm
20 multiplying correctly, which is...a lot.  Anyway, I'm just
21 editorializing.
22          Is there anything further we should do now?
23          MS. ACOSTA-PETTYJOHN:  Your Honor, I would just like
24 to submit my papers for my 50B motion.
25          THE COURT:  A 50E motion?  Addressed to sufficiency?

1            MS. ACOSTA-PETTYJOHN:  Sorry, give me one second, your
2    Honor.
3            THE COURT:  Is that what 50E is?  Let me see.
4            (Brief pause.)
5            THE COURT:  Well, you can obviously submit any motion
6    you like within the time set by the rules, and I will consider
7    anything you have to say with an open mind.  A sufficiency
8    claim, however, heh, would be an uphill battle.
9            MS. ACOSTA-PETTYJOHN:  Yeah, I believe it was a Rule
10   59, your Honor, I apologize.
11           THE COURT:  Rule 59, let's see?  That's a mistake I
12   made?  In other words, you would be arguing that I made a
13   mistake?  Well, I certainly don't rule that out.  But I'll wait
14   and see...what you come up with, and of course I will review it
15   with an open mind.
16           MS. ACOSTA-PETTYJOHN:  Thank you, Your Honor.
17           MR. MILLER:  Your Honor, if Counsel will be making
18   Rule 59 motion, I would like to extend my deadline for making my
19   Section 1988 motion until their motion is completed.
20           THE COURT:  That makes sense because you'll have to
21   spend time --
22           MR. MILLER:  Yes.
23           THE COURT:  -- opposing the motion.
24           So why don't we say that the fee motion under 1988
25   will be due...thirty days after I rule on the Rule 59 motion, or

1  if there is no Rule 59 motion, thirty days after it would have
2  been due.
3      I don't know what the law is on whether punitive
4  damages exceeding the actual damages by this proportion can
5  stand.  Maybe this would be a good time for the parties to talk
6  about resolving the case.  If that's something that may
7  not...may not stand, but I'll leave that up to the parties.
8      Anyway, is there anything else before we say good
9  afternoon?
10           MR. MILLER:  No, your Honor.
11           MS. ACOSTA-PETTYJOHN:  No, your Honor.
12           THE COURT:  All right, thank you, all.
13           (Court Exhibits 5 and 6 received in Evidence.)
14           (Proceedings concluded)

```
                    E X H I B I T S


Exhibit No.                                    Received


Court Exhibit 5. . . . . . . . . . . . . . . . . . . .625
Court Exhibit 6. . . . . . . . . . . . . . . . . . . .625
```